IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| AUDIE RAYNARD ALSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 116-141 |
| ) | (Formerly CR 106-084) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Audie Raynard Alston filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED AS MOOT**, and this civil action be **CLOSED**.

### I. BACKGROUND

On May 4, 2005, a grand jury in the Southern District of Georgia issued a seven-count indictment against three defendants, including six counts against Petitioner for various drug and firearms related offenses. United States v. Alston, CR 105-056, doc. no. 1 (S.D. Ga. May 4, 2005) (hereinafter "CR 105-056"). The Court appointed attorney Victor Hawk to represent Petitioner. Id., doc. no. 8. Pursuant to a negotiated plea agreement, on August 22, 2006, Petitioner pleaded guilty to one count of conspiracy to distribute and to possess with

intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), charged in a one-count information. United States v. Alston, CR 106-084, doc. no. 1 (S.D. Ga. May 24, 2006) (hereinafter "CR 106-084"). In exchange for Petitioner's guilty plea, the government agreed, *inter alia*, (1) to dismiss the indictment against Petitioner in CR 105-056, and (2) the United States Attorneys for the Middle District of Florida and Southern District of Georgia would not charge Petitioner with committing any other related federal criminal offenses known at the time of plea. Id., doc. no. 9, pp. 2-3. Petitioner (1) waived his right to be charged by indictment, (2) agreed to plead guilty to the one charge in the information, and (3) "acknowledge[d] and underst[ood]" the government would move to enhance Petitioner's sentence under 21 U.S.C. § 851, thereby doubling the statutory minimum for the offense to twenty years. Id. at 3-4.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-five, Criminal History Category at VI, and Guidelines imprisonment range at 292 to 365 months. PSI ¶ 77. Petitioner was classified as a career offender within the meaning of U.S.S.G. § 4B1.1 because (1) he had previously been convicted of aggravated battery, aggravated assault, and aggravated assault on a law enforcement officer; and (2) his offense of conviction involved a conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base. PSI ¶ 48. Thus the base offense level was thirty-seven, rather than an offense level of thirty-two under U.S.S.G. § 2D1.1 based on the amount of drugs specific to Petitioner's offense of conviction. PSI ¶¶ 40, 48. That higher offense level decreased two points to thirty-five based on Petitioner's acceptance of responsibility. PSI ¶¶ 49, 50. The statutory minimum term of imprisonment for Petitioner's offense was twenty

2

years, and the statutory maximum term of imprisonment was life. 21 U.S.C. §§ 841(b)(1)(A) and 851; PSI ¶ 76; CR 106-084, doc. no. 2.

At the December 14, 2006 sentencing hearing, Petitioner claimed he had not had an adequate opportunity to review the PSI, and United States District Judge Dudley H. Bowen, Jr., continued the hearing. CR 106-084, doc. no. 12; doc. no. 15, p. 2. More than one month later, Petitioner filed a motion to withdraw his guilty plea claiming he agreed to plead guilty in exchange for a definite sentence of twenty years. Id., doc. no. 13. Judge Bowen denied the motion. Id., doc. no. 15.

At the second sentencing hearing on June 14, 2007, Judge Bowen imposed a sentence of imprisonment of 292 months. Id., doc. nos. 17, 18. Judgment was entered on June 21, 2007. Id., doc. no. 18. Mr. Hawk filed an appeal on Petitioner's behalf, but on March 5, 2008, the Eleventh Circuit Court of Appeals affirmed Judge Bowen's decision to deny Petitioner's request to withdraw his guilty plea and concluded Petitioner had not been promised a determinate sentence of twenty years. Id., doc. nos. 19, 29. On April 3, 2015, Petitioner filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), but Judge Bowen denied the motion on June 3, 2015. Id., doc. nos. 31, 32.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265

3

(2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on June 3, 2016, Petitioner filed a motion in his underlying criminal case asserting his belief that Johnson applies to his sentencing and requesting appointment of counsel. CR 106-084, doc. no. 33. On July 12, 2016, Judge Bowen explained the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson. See id., doc. no. 34. Judge Bowen also directed that any amended § 2255 motion receive a *nunc pro tunc* filing date of June 3, 2016. Id. at 3 & n.2. On August 4, 2016, attorney Kimberly Copeland filed a notice of appearance in the case, and on August 18, 2016, she filed the § 2255 motion reviewed herein.

Petitioner raises five grounds for relief in his motion, but never once cites the Johnson decision. (See generally doc. no. 1.) The Court presumes counsel intended ground four to raise a Johnson claim based on the statement that Petitioner's designation as a career offender denied him due process. (Id. at 8.) Petitioner also argues (1) his sentence violates the principles of double jeopardy; (2) the Guidelines sentence was calculated using the November 1, 2007 edition of the sentencing manual even though the offenses charged were alleged to have ceased in January 2007;[1] and (3) Petitioner received ineffective assistance of counsel because Mr. Hawk did not appeal the sentence or the denial of the *pro se* motion to reduce his sentence. (Id. at 4-10, 13.) Petitioner argues his motion is timely because he "only discovered that he had grounds to file a post judgment proceeding within the last 3

---

[1] The PSI specifically states, "The November 1, 2006, edition of the Guidelines Manual has been used in this case." PSI ¶ 39.

4

Months" because his counsel abandoned him and he could not have discovered his claims without the assistance of competent counsel. (Id. at 10.) He also claims he only discovered in August of this year Mr. Hawk did not appeal his sentence. (Id. at 13.)

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of career offender status under § 4B1.1 and the applicable crime of violence definition in § 4B1.2. See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Because Petitioner's due process sentencing claim is clearly without merit based on the current record and Eleventh Circuit case law, this presumably Johnson-based claim is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

5

### B. Petitioner's Remaining Claims Are Barred as Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on June 21, 2007, and the Eleventh Circuit Court of Appeals affirmed on March 5, 2008. Although Petitioner did not petition the United States Supreme Court for certiorari, when calculating the date his conviction became final, he is entitled to the benefit of the ninety-day period for seeking certiorari. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Thus, his conviction became final ninety days after March 5, 2008, in June 2008. Thus, all of Petitioner's remaining ineffective assistance of counsel and sentencing claims, filed approximately eight years later, are untimely. In addition, as explained in Part II.A, *supra*, because Johnson does not apply to Petitioner, Johnson does not qualify him for a later statute of limitations.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental

miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:

cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not claim innocence of his crime of conviction, but rather he complains about his sentence and faults his attorney for not sufficiently challenging the sentence. (See generally doc. no. 1.) Petitioner generally asserts he could not have discovered the basis for his claims until the last three months, presumably the time period within which Ms. Copeland agreed to represent Petitioner in these collateral proceedings, because he was "abandoned" by his prior counsel and only found out in August 2016 that prior counsel did not appeal the sentence.[2] Neither assertion has merit.

There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require.

---

[2]Because Ms. Copeland filed a notice of appearance on behalf of Petitioner, the motion for appointment of counsel should be **DENIED AS MOOT**. CR 106-084, doc. no. 33.

8

Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[3]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.) (citations omitted). Petitioner does not identify, and the Court does not find any exceptional circumstances justifying the appointment of counsel such that Petitioner's untimeliness should be excused because he did not have the assistance of counsel to pursue post-conviction relief. See McCall, 495 F. App'x at 31.

Moreover, Mr. Hawk did not "abandon" Petitioner, as the record reflects he did file an appeal on Petitioner's behalf after entry of judgment. CR 106-084, doc. no. 19. The Eleventh Circuit found no error with Judge Bowen's refusal to allow Petitioner to withdraw his guilty plea. Id., doc. no. 29, pp. 5-6. The Eleventh Circuit also determined the government did not breach the plea agreement because the agreement and Judge Bowen's plea colloquy established Petitioner "reasonably understood that he could receive a sentence in excess of 20 years imprisonment and the [PSI] recommended a sentence well within the

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

9

range of punishment listed in [Petitioner's] plea agreement." Id. at 7. Also, Petitioner was obviously aware his sentence had not been changed after the appeal, as he filed a *pro se* motion for a sentence reduction in April of 2015. Id., doc. no. 31. Petitioner does not cite, and the Court is not aware of, any legal authority for the proposition that prior counsel had a duty to appeal the denial of a *pro se* motion filed approximately seven years after the conclusion of Petitioner's direct appeal.

There is simply no viable reason for tolling the statute of limitations based on current counsel's general claim Petitioner could not identify sentencing errors known to him for approximately eight years. This is particularly true when Petitioner himself had filed a *pro se* motion to reduce his sentence well over one year before he commenced these untimely § 2255 proceedings. Thus, the Court cannot consider Petitioner's remaining, untimely ineffective assistance and sentencing claims, and they are ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED AS MOOT**, (CR 106-084, doc. no. 33), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA