IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 OCT 19 PM 3:47
CLERK _CAelcus_
SO. DIST. OF GA.

| | | |
|---|---|---|
| AUDIE RAYNARD ALSTON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 116-141 |
| UNITED STATES OF AMERICA, | ) ) | (Formerly CR 106-084) |
| Respondent. | ) ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 4). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 for two reasons. First, because Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act, under controlling Eleventh Circuit precedent, the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to his case. (See doc. no. 3, p. 5 (citing United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015).) Second, the remainder of Petitioner's claims are untimely under the one-year statute of limitations set forth in § 2255(f). (See id. at 6-10.)

Petitioner, through counsel, asks the Court to ignore Matchett merely because the Supreme Court has agreed to review the Eleventh Circuit's position on the applicability

of Johnson to sentences imposed under the Sentencing Guidelines. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). "[G]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." In re Bradford, 830 F.3d 1273, 1275 (11th Cir. 2016) (citing Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1298-99 (11th Cir. 2007)). Regardless of the outcome in Beckles, the decision in Matchett is currently the controlling case law in the Eleventh Circuit, and under that precedent, Petitioner is not entitled to be resentenced.

Second, Petitioner objects to the determination that the remainder of his claims are untimely on the theory this Court somehow excused compliance with the one-year statute of limitations in its Order dated July 12, 2016, which provided Petitioner with the mandatory warnings under Castro v. United States, 540 U.S. 375 (2003), concerning re-characterization of *pro se* filings as a request for § 2255 relief. See CR 106-084, doc. no. 34. The Order included the instruction to inform the Court "whether he wishes to amend the motion to assert any other § 2255 claims aside from his Johnson claim." Id. at 2. However, the Court also specifically cautioned, "Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions." Id. at n.1.

Upon filing, and in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Magistrate Judge examined the claims to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." As thoroughly

2

explained in the Report and Recommendation, Petitioner's non-Johnson based claims are untimely. Petitioner does not cite any case law supporting the proposition that timely raising a meritless Johnson claim allows a petitioner to bootstrap into the case other, non-Johnson based claims for which the statute of limitations has long since expired. Nothing in the objections or the attached affidavit changes the timeliness analysis or satisfies Petitioner's burden of proving his entitlement to equitable tolling or that a fundamental miscarriage of justice has occurred.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** the § 2255 motion, and **DENIES AS MOOT** the motion for appointment of counsel (CR 106-084, doc. no. 33).

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 18th day of October, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4